## MOTOR IMPROVEMENTS, Inc., et al. v. GENERAL MOTORS CORPORATION et al.

### No. 5326.

Circuit Court of Appeals, Sixth Circuit.
Oct. 9, 1931.

Kenyon & Kenyon, of New York City, and Edward S. Clark, of Bay City, Mich., for appellant.

Cooper, Kerr & Dunham, of New York City, and Stevenson, Butzel, Eaman & Long, of Detroit, Mich., for appellee.

Before MOORMAN, MACK and HICKS, Circuit Judges.

PER CURIAM.

Shortly after the denial of their motion for rehearing, appellees filed a petition for leave to move the District Court to reopen the case for submission of evidence alleged to have been discovered, despite due diligence, only some eight days after the decision of this Court was announced.

The evidence was based upon an interference proceeding in the Patent Office involving the third claim (not here in suit) of Sweetland's patent No. 1594334. While the matter is still pending in the U. S. Court of Customs and Patent Appeals, one Cole, whose application was filed before Sweetland's earliest asserted date, has been successful in the Patent Office.

 The objection of lack of due diligence must be overruled. We do not deem it here necessary to discuss the facts bearing thereon.

 The interference proceedings in themselves are not asserted to be decisive or material here inasmuch as they involve only a claim not here in suit. The contention is that Cole's disclosures have been taken seriously by the Patent Office and that if his application disclosed, even though he did not claim, what Sweetland claimed in a later invention, Sweetland is anticipated. The question on this petition, under the Gairing Tool case, Gairing Tool Co. v. Eclipse Interchangeable Counterbore Co., 6 Cir., 48 F.2d 73, 75, is whether the Cole application is "of that substantial character which seems, prima facie, to seriously threaten the validity of the patent."

 If, in our judgment, there is no probability that conclusions, different from those heretofore announced by us, would result therefrom, the petition must be denied. So much, at least, must be determined in this Court.

The very failure to bring about interference with the Sweetland claims here in suit after Cole had become fully advised thereof through the grant of the patents is the strongest evidence that he and his counsel did not deem his alleged invention to be an anticipation of those claims. In this view, we fully concur.

The essence of the Sweetland device is a multiple pad filter, that is, one in which the oil does not go through all of the filter pads, but through only one of them and then out so that, despite the slow rate, a sufficient quantity is thus filtered. While the claims in suit do not mention the multiple elements in so many words, Sweetland's specifications as quoted by us (6 Cir., 49 F.2d 543, at page 547) speak of "the combined filtering surfaces of the several filter elements."

 It is clear that in the Cole device the oil goes through each one of the conical filter elements. Whether or not despite this Cole's device could filter sufficient oil at the prescribed rate, or whether the claims in issue in the interference can be deemed sufficiently definite in the light of his drawings and specifications, are matters which we need not determine. In our judgment, Cole's purely paper device is at the best but cumulative evidence to the alleged anticipations considered in the opinion heretofore announced.

Leave must be denied and the stay of the mandate heretofore granted terminated forthwith.